

CERTIFIED COPY

CAUSE NO. 2010-02-871-A

| | | |
|---|---|---|
| **MARVIN PAYTON AND** | § | **IN THE DISTRICT COURT OF** |
| **YVONNE PAYTON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **GEOVERA SPECIALTY INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| *Defendant.* | § | **107 JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW MARVIN PAYTON AND YVONNE PAYTON, Plaintiffs herein, and

files this Original Petition and Request For Disclosure against Defendant GEOVERA SPE-

CIALTY INSURANCE COMPANY for Breach of Contract, Bad Faith Insurance Practices, and

other related claims and respectfully shows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level Three of Texas Rule of Civil

Procedure 190.04.

### II.
### THE PARTIES

2. Plaintiff Marvin Payton is an individual residing in Cameron County, Texas.

3. Plaintiff Yvonne Payton is an individual residing in Cameron County, Texas.

4. Defendant GeoVera Specialty Insurance Company is an insurance company in-

corporated in California with its principal place of business in Fairfield, California. GeoVera is a

foreign stock fire and casualty company that issues policies in Texas as a non-admitted carrier

through the "surplus lines" provisions of Texas law. GeoVera may be served with a copy of this

- 1 -

CERTIFIED COPY

Original Petition and process by serving the Commissioner of Insurance, 333 Guadalupe St., Austin, Texas 78701.

## III.
## JURISDICTION AND VENUE

5.      The Honorable Court has subject matter jurisdiction over this suit pursuant to Article V, Section 8, of the Texas Constitution.  The amount of damages exceeds the jurisdictional minimum of this Court.

6.      Venue is proper in Cameron County because all or a substantial part of the events or omissions giving rise to this suit occurred in this county.  TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).  In addition, Plaintiffs were residents of Cameron County at the time this cause of action accrued.  TEX. CIV. PRAC. & REM. CODE §15.002(a)(4).

7.      Suit is brought pursuant to the law of good faith and fair dealing as well as under Chapter 542 of the Insurance Code. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance.  Plaintiffs are consumers as to Defendant, GeoVera Specialty Insurance Company in that they purchased insurance from GeoVera and/or services to be provided by GeoVera.  Defendant is an "individual, corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitutes a "person" as that term is defined in the Texas Insurance Code.

## IV.
## BACKGROUND FACTS

8.      Defendant GeoVera provided homeowner's insurance to the Plaintiffs.   Defendant GeoVera committed acts in the business of insurance in connection with Plaintiffs' claims for insurance proceeds described herein.  The actions set forth in this complaint were committed by Defendant GeoVera, or its actual or apparent agents.  Plaintiffs own and/or reside in a dwel-

CERTIFIED COPY

ling at 2010 S. Parkwood Drive, Harlingen, Texas. Defendant collected several hundred of dollars per year from the Plaintiffs with the promise to provide coverage to the Plaintiffs for such dwelling, personal property, and other matters under the insurance policy described above. During the policy term of said policy, Plaintiff sustained covered losses in the form of water intrusion, and damages resulting from Hurricane Dolly which hit Cameron County on July 23, 2008. The Plaintiff promptly reported same to Defendant pursuant to the terms of the insurance policy.

9.    The Plaintiffs discovered water damage and resulting damage from Hurricane dolly to their property. As a result, Plaintiffs' home and property sustained damage to the areas of the home including, but not limited to, the cost of destruction and restoration of the home necessary to access and fix the leaks and the cost of fixing the resulting damage from the water intrusion. These constituted covered damages under Plaintiffs' insurance policy with the Defendant.

10.    The Defendant GeoVera, and/or its agents visited and inspected Plaintiffs' property in connection with their claim of property damage. Defendant knew or should have known that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policy. The Defendant knew that a substantial covered loss was owed. Nonetheless, it denied, delayed, or failed to pay or properly investigate some or all of Plaintiffs' covered claims with no reasonable basis. It failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Chapter 542 of the Texas Insurance Code. Therefore, Plaintiff files this bad faith claim.

11.    Such denial, delay, refusal and/or failure to pay by the Defendant was in bad faith, and constituted a breach of the covenant of good faith and fair dealing, which breach was a proximate and/or producing cause of damages to the Plaintiffs more specifically set forth herein be-

CERTIFIED COPY

low. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damages, and the Defendant knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.

## CAUSES OF ACTION

### V.
### DECLARATORY RELIEF

12.     An actual controversy exists between the Plaintiffs, on the one hand, and the Defendant, on the other, with respect to the rights and obligations under the insurance policies that Defendant issued to Plaintiffs.

13.     Plaintiffs seek a declaration that indemnification is owed by Defendant for the physical damage losses that occurred at 2010 S. Parkwood Drive, Harlingen, Texas.

### VI.
### BREACH OF CONTRACT

14.     The allegations contained in the Paragraphs above are hereby re-alleged and incorporated by reference.

15.     All conditions precedent have been performed or have occurred as required under the Policy and any other applicable provisions.

16.     Defendant's policy sets forth contractual obligations on the part of GeoVera to cover Plaintiffs' home for physical damages to Plaintiffs' property during the policy period.

17.     Defendant has by its conduct breached its contract of insurance with the Plaintiffs. Such breach proximately and/or producingly caused damages to the Plaintiffs.  In addition, Plaintiffs are entitled to recover attorneys' fees in connection with their contractual causes of action.

CERTIFIED COPY

18.     The conduct of the Defendant was knowingly and therefore may be subject to liability for additional damages under the Texas Insurance Code.  Plaintiffs and their attorneys are also entitled to attorneys' fees in connection with the bringing of this action for breach of contract or under the relevant statute.  In the alternative, Defendant's conduct was malicious, and therefore, Plaintiffs seek punitive damages.  All of the tortious conduct of the Defendant proximately and/or producingly caused the actual damages sought herein.

## VII.

## PROMPT PAYMENT OF CLAIMS STATUTE

19.     The failure of Defendant to indemnify Plaintiffs and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

20.     Plaintiffs, therefore, in addition to its claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

## VIII.

## UNFAIR CLAIM SETTLEMENT PRACTICES

21.     The allegations contained in the Paragraphs above are hereby re-alleged and incorporated by reference. The conduct of Defendant constitutes violations of Chapter 542 of the Texas Insurance Code.  Such violations include, but are not limited to the following unfair claim settlement practices as proscribed in Section 542.003:

(a)        Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(b)        Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

(c)        Compelling a policy holder to institute a suit to recover an amount due under a

CERTIFIED COPY

policy by offering substantially less than the amount ultimately recovered in a suit brought by the policy holder; and

(d)        Committing another act the commissioner determines by rule constitutes an unfair claim settlement practice;

It also violates the Texas Insurance Code, specifically Section 16, in that they constitute practices defined by Section 17.46 of the Texas Business and Commerce Code, as amended, as unlawful deceptive trade practices.  Such conduct also constitutes bad faith claims handling.  All statutory causes of action under the Insurance Code are hereby asserted against Defendant.

## IX.
## ESTOPPEL

22.        All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.  All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policy and applicable law.  In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiffs substantially complied with them.  Plaintiffs make the same allegations of waiver or estoppel as to every defense or exclusion pleaded by the Defendants, and as to each claim for breach of contract or statutory violation as to each Defendant.

## X.

## ATTORNEY'S FEES

23.        Plaintiffs have had to incur reasonable attorney's fees as a result of Defendant's conduct and by having to file this cause of action and seek recovery of such fees pursuant to Tex.

CERTIFIED COPY

Civ. Prac. & Rem. Code §37.009 and § 38.001.  In addition and/or in the alternative, Plaintiffs

pray that they be awarded attorneys' fees under the Tex. Ins. Code.

## XI.

## JURY DEMAND

24.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein re-

quest a jury trial and along with the filing of the Original Petition, tenders to the Clerk of the

Court the statutory jury fee.

## XII.

## PRAYER

25.    For these reasons, Plaintiffs respectfully requests that the Court do the following:

a.    Enter judgment for Plaintiffs.

b.    Award actual damages resulting from Defendants' conduct.

c.    Award exemplary, punitive, and special damages as authorized by law, in-
cluding the statutory penalties for Defendants' failure to pay the claim
pursuant to the Texas Insurance Code.

d.    Award prejudgment and post judgment interest as authorized by law.

e.    Award reasonable attorney fees as authorized by law.

f.    Award costs of court.

g.    Grant any other relief it deems appropriate and to which Plaintiffs may be
justly entitled at law or in equity.

## XIII.

## REQUEST FOR DISCLOSURE

26.    Pursuant to TEX. R. CIV. P. 194, Plaintiffs requests that each Defendant disclose

within 50 days from the service of this request, the information or material described in Rule

194.

## CERTIFIED COPY

Respectfully submitted,

THE LAW OFFICE OF BENIGNO "TREY"
 MARTINEZ
1201 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 546-7159
Fax: (956) 544-0602

STÉPHANIE FRANKE
State Bar No. 24031902
Benigno "Trey" Martinez
State Bar No. 00797011

- and -

THE COWEN LAW GROUP
Michael R. Cowen
Texas Bar no. 00795306
Amber L. Medina
Texas Bar No. 24042159
520 East Levee Street
Brownsville, Texas 78520
Tel: (956) 541-4981
Fax: (956) 504-3674

DISTRICT COURT
CAMERON COUNTY, TEXAS
A TRUE COPY I CERTIFY
AURORA DE LA GARZA CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

MAR 1 5 2010

BY _____
        DEPUTY